IN THE UNITED STATES DISTRICT COURT
FOR THESOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN DOE, A Minor, by his Mother and Next Friend, JANE DOE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EAST ST. LOUIS SCHOOL DISTRICT NO. 189, )<br>ARTHUR R. CULVER, Superintendent, in his )<br>Official and Individual Capacities, ERIC HARRIS, )<br>Principal, in his Official and Individual Capacities, )<br>and BRITTANY GREEN, Assistant Principal, in )<br>her Official and Individual Capacities, )<br>)<br>Defendants. ) | Cause No. |

## COMPLAINT AND JURY DEMAND

*This cause of action arises from Defendants' deliberately indifferent response to a teacher-on-student sexual assault. Defendants' failure to promptly and appropriately investigate and respond to the assault subjected Plaintiff to a hostile environment affectively denying his access to educational opportunities. This action alleges violations of Title IX and the Fourteenth Amendment.*

Plaintiff, John Doe,[1] by and through his attorney, Deborah A. Hawkins, HAWKINS LAW OFFICE, P.C., hereby filed the following complaint against Defendants as captioned above:

### I.    JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, which gives district court jurisdiction over all civil actions arising under the Constitution, laws and treaties of the United States.

---

[1] "John Doe," has been substituted for Plaintiff's name for all causes of action brought through this Complaint. Plaintiff was a minor at the time of the sexual assault and aftermath complained of herein.

2. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1343, which gives district courts original jurisdiction over (a) any civil action authorized by law to be brought by any person to redress the deprivation, under color of any State Law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and (b) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of the civil rights.

3. Plaintiff brings this action to redress a hostile educational environment pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), as more fully set forth herein.

4. This is also an action to redress the deprivation of Plaintiff's constitutional rights under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), since all defendants reside or resided in this district and the events giving rise to the claims occurred in this district.

## II.  THE PARTIES

6. Plaintiff is a male and was a minor at all material and relevant times herein. Plaintiff is currently a minor.

7. At all material times Plaintiff was a resident of the County of St. Clair, State of Illinois.

8. At the time of the events complained of herein, Plaintiff was a student attending Lincoln Middle School within the Defendant East St. Louis School District No. 189 ("the School District").

9. The Defendant School District is a public educational institution located in the County of St. Clair, State of Illinois.

10. At all material times, Defendant ARTHUR R. CULVER ("the Superintendent"), in his official and individual capacities, worked within the County of St. Clair, State of Illinois.

11. During all material times, the Superintendent was an agent and/or employee of Defendant School District, acting or failing to act within the scope, court and authority of his employment and his employer.

12. At all material times, ERIC HARRIS, ("the Principal"), in his official and individual capacities, worked within the County of St. Clair, State of Illinois.

13. During all material times, the Principal was an agent and/or employee of Defendant School District, acting or failing to act within the scope, course and authority of his employment and his employer.

14. At all material times, BRITTANY GREEN, ("the Assistant Principal"), in her official and individual capacities, worked within the County of St. Clair, State of Illinois.

15. During all material times, the Assistant Principal was an agent and/or employee of Defendant School District, acting or failing to act within the scope, course and authority of her employment and her employer.

16. At all material times, SHONDARNISHA HICKS, ("the Teacher"), in her official and individual capacities, worked within the County of St. Clair, State of Illinois.

17. During all material times, the Teacher was an agent and/or employee of Defendant School District, acting of failing to act within the scope, court and authority of her employment and her employer.

### III. APPLICABLE LAW AND POLICY

18. Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681(a), states that

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefit of, or be subjected to discrimination under any education program of activity receiving Federal financial assistance….

19. Title IX is implemented through the Code of Federal Regulations. See 34 C.F.R. Part 106.

20. 34 C.F.R. § 106.8 (b) provides:

> …A recipient shall adopt and publish grievance procedures providing for prompt and equitable resolution of student and employee complaints alleging any action which would be prohibited by this part.

21. In *Gebser v. Lago Vista Independent School District,* 524 U.S. 274 (1988), the United States Supreme Court recognized that a recipient of federal educational funds intentionally violates Title IX, and is subject to a private damages action, where the recipient is "deliberately indifferent" to know acts of teacher-student discrimination.

22. The Fourteenth Amendment to the United States Constitution provides in pertinent part that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. const. amend. XIV, §1.

### IV. COMMON ALLEGATIONS

23. At all material times, the School District was receiving federal funding, as contemplated by Title IX, 20 U.S.C. § 1681, *et seq.*

24. The School District implemented and executed policies and customs in regard to the events that resulted in the deprivation of Plaintiff's constitutional, statutory, and common-law rights.

25. The School District is responsible for ensuring that all its employees are properly trained and supervised to perform their jobs.

26. The School District is responsible for the acts and omission of its employees.

27. At the time of the attack that gave rise to the events complained of herein, Plaintiff, a minor child, was a student at Lincoln Middle School, East St. Louis School District ("the School").

28. On or about October 13, 2014, Teacher Hicks drove JOHN DOE to a location within St. Louis, Missouri and engaged in sexual intercourse and other sexual acts with JOHN DOE, a minor.

29. Based upon information and belief, the Teacher and John Doe had been communicating electronically via text messages and or email prior to October 13, 2014.

30. Based upon information and belief, the School District had knowledge of said communications.

31. Prior to October 13, 2014, the School District and Principal investigated communications between Teacher and John Doe via text messages and/or emails. Based upon information and belief, the School District questioned John Doe with respect to his relationship with the Teacher.

32. The School District, Culver, Harris and Green did not notify John Doe's Mother that they had questioned John Doe concerning his relationship with the Teacher and did not

inform John Doe's Mother that they had knowledge of communications between John Doe and the Teacher prior to October 13, 2014.

33. The sexual assault became public knowledge on or about October 25, 2014.

34. On or about October 25, 2014 the School District placed John Doe on homebound instruction because the Principal thought it was in the best interest of John Doe.

35. Based upon information and belief, the School District did not provide John Doe with adequate materials and resources for his homebound instruction.

36. The School District refused to honor the grades John Doe received from his homebound instructor. The School District wanted to give John Doe the grade of D for his homebound instruction.

37. Prior to the sexual assault on October 13, 2014, John Doe had been a gifted student.

38. John Doe's mother did not receive progress reports for John Doe from October 2014 through February 2015.

39. The School District did not provide counseling and social services for John Doe and his family. The School District did not provide John Doe's mother with information concerning the status of the Teacher's employment or disciplinary actions the School District took with respect to the Teacher.

40. The School District did not provide John Doe's mother with a grievance procedure.

41. In the Spring of 2015, the School District informed John Doe's mother by letter that John Doe would be required to attend summer school in 2015 although he had been a gifted student. After John Doe's mother resisted the School District's position that John Doe attend

summer school in 2015, the School District allowed John Doe to progress to the next grade in the Fall of 2015. At the time, John Doe's mother received the letter from the School District it had not provided her with report cards for John Doe. John Doe's mother did not receive progress reports for John Doe from January 2015 through May 2015

42. After John Doe returned to school in February of 2015, John Doe was punished several times which John Doe and his mother believe were unfounded and were acts of harassment for his disclosure of the sexual assault.

43. After John Doe returned to school in February of 2015, at least one employee of the East St. Louis School District committed acts of harassment in retaliation for John Doe's disclosure of the sexual assault. In the Spring of 2015, one teacher stated to John Doe that he should not have returned to school.

44. In April 6, 2015, Plaintiff's Mother filed a complaint with the United States Department of Education, Office of Civil Rights (OCR) alleging that the School District failed to promptly and appropriately respond to alleged sexual harassment, resulting in a student, on the basis of sex, being excluded from participation in, being denied the benefits of, or being subject to discrimination in any District education programs or activities in violation of the Title IX implementing regulation at 34 C.F.R. §106.31. The investigation remains open and pending.

45. School District Officials, including Defendants Culver, Harris and Green, had the authority to take remedial action to correct the sex-based harassment.

46. The School District and its Defendants had actual knowledge of the sex-based harassment.

47. The School District and its Defendants responded with deliberate indifference to the sex-based harassment.

48. Plaintiff found it difficult to concentrate in the classroom.

49. Plaintiff requires mental health counseling for anxiety in order to cope with the stress of attending East St. Louis School District and the sexual assault.

50. Plaintiff's grades dropped.

51. From October of 2015 through January 2015, Plaintiff was forced to be placed on homebound instruction to avoid the continuing hostile environment.

52. The School District's response and its officials' conduct were such that future reasonable students in Plaintiff's circumstances would be deterred from responding to sexual harassment.

53. As a direct and proximate result of the harassing educational environment created by Defendants' deliberately indifferent response to the sexual assault and subsequent harassment, as well as violations of his Fourteenth Amendment rights, Plaintiff has suffered and continues to suffer psychological damage, emotional distress, loss of standing in his community, and damage to his reputation, and his future relationships have been negatively affected.

54. Plaintiff requires ongoing counseling to address his depression and anxiety caused by Defendants' conduct and the resulting harassing educational environment.

55. Plaintiff has also been deprived of a normal childhood education due to Defendants' conduct and the resulting educational environment.

56. Plaintiff has also been damage by missed educational opportunities and his future earning capabilities have been damaged by Defendants' conduct and the resulting hostile educational environment.

**COUNT I**
**VIOLATION OF TITLE IX**
**AS TO DEFENDANT EAST ST. LOUIS SCHOOL DISTRICT**
**(20 U.S.C. § 1681, *et seq.*)**
**(The School's Deliberate Indifference to Alleged Sexual Harassment)**

Paragraphs one through 56 are incorporated by reference as if stated in full herein.

57. The sex-based harassment articulated in the Plaintiff's General Allegations was so severe, pervasive, and objectively offensive that it deprived Plaintiff of access to educational opportunities of benefits provided by the school.

58. The Defendant School District created and/or subjected Plaintiff to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) ("Title IX"), because

   a) Plaintiff was a member of a protective class;

   b) He was subject to sexual harassment in the form of a sexual assault by the Teacher;

   c) He was subject to harassment based on his sex; and

   d) He was subject to a hostile educational environment created by the School District's lack of policies and procedures and failure to properly investigate and/or address the sexual assault and subsequent harassment.

59. Defendant School District and its officials had actual knowledge of the sexual assault and the resulting harassment of Plaintiff created by its failure to investigate and discipline Plaintiff's attacker in a timely manner and consistent with its own policy and federal and state law.

60. The Defendant School District's failure to promptly and appropriately respond to the alleged sexual harassment resulted in Plaintiff, on the basis of his sex, being excluded from

participation in, being denied the benefits of, and being subject to discrimination in the District's education program in violation of Title IX.

62. Defendant School District failed to take immediate, effective remedial steps to resolve the complaints of sexual harassment and instead acted with deliberate indifference toward Plaintiff.

62. Defendant School District persisted in its actions and inactions even after it had actual knowledge of the harm suffered by Plaintiff.

63. Defendant School District engaged in a pattern and practice of behavior designed to discourage and dissuade students and parents of students who had endured sexual assaults or who may endure sexual assaults in the future from being fully investigated.

64. This policy and/or practice constitute disparate treatment of males and had a disparate impact on male students.

65. Plaintiff has suffered emotional distress and psychological damage, and his character and standing in his community have suffered from the harassment fostered as direct and proximate results of Defendant School District's deliberate indifference to his rights under Title IX.

## COUNT II
## VIOLATION OF TITLE IX
## AS TO DEFENDANT EAST ST. LOUIS SCHOOL DISTRICT
### (20 U.S.C. § 1681, *et seq.*)
### (Retaliation by Withholding Protections Otherwise Conferred by Title IX)

Paragraph one through 65 are incorporated by reference as if stated in full herein.

66. The School District notified law enforcement on or about October 25, 2014.

67. On or about October 25, 2014, the Principal and the School District notified John Doe's Mother of the sexual assault and asked her to go to Lincoln Middle School for a meeting.

68. However, the Principal and other School District officials retaliated against Plaintiff by not complying with their responsibilities as mandated by Title IX.

69. Based upon information and belief, Plaintiff was harassed by at least one other teacher at Lincoln Middle School in the East St. Louis School District for Plaintiff for reporting his sexual assault to the School and police. Plaintiff's Mother reported this harassment to School officials, who declined to intervene to stop this harassment.

## COUNT III
## 1983 VIOLATION AS TO DEFENDANTS EAST ST. LOUIS SCHOOL DISTRICT, CULVER, HARRIS AND GREEN
### (42 U.S.C. §1983)

Paragraphs one through 69 are hereby incorporated by reference as if set forth in full herein.

70. Under the Fourteenth Amendment, Plaintiff has the right as a public School student to personal security and bodily integrity and Equal Protection of laws.

71. Defendants Culver, Harris and Green were all state actors acting under the color of law.

72. Defendants each subjected Plaintiff to violations of his right to personal security and bodily integrity and Equal Protection of Laws by: failing to adequately train and supervise Culver, Harris and Green and manifesting deliberate indifference to the sexual assault and ongoing harassment of Plaintiff by other employees of the East St. Louis School District.

73. Based upon information and belief, the School District has and/or had unconstitutional customs or policies of a) failing to investigate evidence or criminal and tortious misconduct against School District students in the nature of violations of their right to personal security and bodily integrity and b) failing to adequately train and supervise School District

employees with regard to maintaining, preserving and protecting students from violations of their right to personal security, bodily integrity, and Equal Protection of the Laws.

74. Based upon information and belief, the School District has followed these unconstitutional customs and policies with regard to Plaintiff.

75. The School District's policies and/or practices constituted disparate treatment of males and had a disparate impact on male students.

76. Defendants Culver, Harris and Green are or were at the time of events complained of within, policy makers for the purpose of implementing the School District's unconstitutional policies or customs.

77. Plaintiff has suffered emotional distress and psychological damage, and his character and standing in his community have suffered from the harassment fostered as a direct and proximate result of Defendant School District's deliberate indifference to his rights under the Fourteenth Amendment.

### COUNT IV
### *MONELL* LIABILITY FOR FAILURE TO TRAIN AND SUPERVISE AS TO RESPONSE TO SEXUAL ASSAULT AS TO DEFENDANT EAST ST. LOUIS SCHOOL DISTRICT
### (42 U.S.C. §1983)

Paragraphs one though 77 are hereby incorporated by reference as if set forth in full herein.

78. Defendants Culver, Harris and Green were "state actors" working for East St. Louis School District, a federally funded school system.

79. Defendants Culver, Harris and Green acted under "color of law" when refusing to respond to Plaintiff's sexual assault on school premises.

80. Defendants Culver, Harris and Green failed to preserve Plaintiff's constitutional right to equal protection as guaranteed by the Fourteenth Amendment.

81. Under the Equal Protection Clause of the Fourteenth Amendment, Plaintiff had the right to equal access to an educational environment free from harassment and discrimination.

82. Defendants Culver, Harris and Green should have known that their response to sexual assault allegations must comply with federal law, particularly as outlined in Title IX's published and widely promulgated implementing regulations.

83. Defendants Culver, Harris and Green each violated Plaintiff's right to equal access by:

   a) Failing to take immediate and appropriate action to investigate or otherwise determine what occurred once informed of possible sexual violence;

   b) Failing to take prompt and effective steps to end the sexual violence, prevent its recurrence, and address its effects, whether or not the sexual violence is the subject of a criminal investigation;

   c) Failing to take the steps to protect the Plaintiff as necessary, including interim steps taken prior to the final outcome of the investigation;

   d) Failing to provide a grievance procedure for students to file complaints of sexual discrimination, including complains of sexual violence. The procedures must include an equal opportunity for both parties to present witnesses and other evidence and the same appeal rights;

   e) Failing to use a preponderance of the evidence standard to resolve complaints of sex discrimination in grievance procedures; and

   f) Failing to notify both parties of the outcome of the complaint.

84. Defendant East St. Louis School District violated Plaintiff's Fourteenth Amendment right to equal protection by failing to properly train and supervise its employees as to these mandated investigative requirements.

85. These policies and/or practices constituted disparate treatment of males and had a disparate impact on male students.

86. Defendants' actions and lack of actions were the proximate cause of Plaintiff's emotional distress and psychological damage, and his character and standing in his community have suffered from the harassment fostered as a result of Defendant School District's deliberate indifference to his right to equal protection under the Fourteenth Amendment.

**WHEREFORE,** Plaintiff respectfully requests judgment in his favor and against Defendant East St. Louis School District, and Defendants ARTHUR R. CULVER, ERIC HARRIS and BRITTANY GREEN as follows:

A. Compensatory damages for Plaintiff's psychological and emotional distress and damages, loss of standing in his community, damage to his reputation, and his family's unreimbursed out of pocket expenses incurred in response to these circumstances;

B. Punitive damages;

C. Injunctive relief requiring Defendant School District to take effective steps to prevent sex-based discrimination and harassment, including sexual assault, in its education programs; fully investigate conduct that may constitute sex-based harassment and/or sexual assault; appropriately respond to all conduct that may constitute sex-based harassment and/or sexual assault; and mitigate the effects of harassment and/or assault, including eliminating any hostile environment that may arise from or contribute to it.

D. Statutory interest;

E. Cost;

    F.  Reasonable attorney fees; and

    G.  For any and further relief this Court deems just and proper.

## JURY DEMAND

NOW COMES Plaintiff, JOHN DOE, A Minor, by his Mother and Next Friend, JANE DOE, by his attorney, Deborah A. Hawkins, HAWKINS LAW OFFICE, P.C., and demands a trial by jury.

DATE:  October 11, 2016

JOHN DOE, A Minor, by his Mother and Next Friend, JANE DOE,
Plaintiff,

By:  /s/ Deborah A. Hawkins
_____
HAWKINS LAW OFFICE, P.C.
101 West Vandalia Street, Suite 150
Edwardsville, Illinois 62025
Phone:  618.659.3900
Facsimile:  618.659.3925